# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>URIEL ULYSES RIVERA<br><br>Defendant. | Civil Case No.: 13-cv-1822-BTM<br>Crim. Case No.: 10-cr-3310-BTM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND GRANTING CERTIFICATE OF APPEALABILITY** |

Uriel Ulyses Rivera ("Defendant"), a federal inmate proceeding *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Defendant's § 2255 motion is DENIED. However, the Court GRANTS a certificate of appealability.

## I. BACKGROUND

On August 18, 2010, an indictment was filed, charging Defendant with conspiracy to import and importation of approximately 4.90 kilograms of heroin into the United States. (ECF No. 23, Indictment, August 18, 2010.) On January 13, 2011,

Defendant pled guilty without a plea agreement to Count 1, conspiracy to import heroin, and the guilty plea was accepted by the Court on January 28, 2011. (ECF Nos. 49 & 52.) On July 20, 2011, the Court sentenced Defendant to a 120-month term of imprisonment, followed by a five-year term of supervised release. (ECF Nos. 74, 86.) On September 21, 2012, the United States Court of Appeals for the Ninth Circuit affirmed Defendant's conviction and sentence. (ECF No. 105)  On August 5, 2013, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 106.)

## II. DISCUSSION

Pursuant to § 2255, a prisoner may move to vacate, set aside, or correct his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Defendant argues that he was denied effective assistance of counsel, alleging that "[c]ounsel advised Petitioner to plea guilty, as counsel was under the impression Petitioner would be sentenced for conspiracy to import marijuana, and not for conspiring to import heroin, due to the fact Petitioner was under the impression he was transporting marijuana, and not heroin." (ECF No. 106, Plaintiff's Motion at 5A.)

A defendant seeking to challenge the validity of his conviction based on ineffective assistance of counsel must demonstrate that his counsel's performance was deficient and that this deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hill v. Lockhart, 474 U.S. 52, 57 (1985) (holding the "Strickland . . . two-part standard . . . [is] applicable to ineffective-assistance claims arising out of the plea process."). To establish the existence of prejudice in the context of a plea, "the defendant must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Defendant advances a declaration by his trial counsel. The declaration states in relevant part:

> I advised Mr. Rivera to plead guilty to the conspiracy charge because I believed that the factual basis that he would admit to -- conspiring to import marijuana -- would be sufficient to convict him of conspiracy to import heroin because I believed that the penalty provisions of 21 U.S.C. § 841 were invoked by the involvement of particular controlled substances. I advised Mr. Rivera that it did not matter for purposes of his conspiratorial liability and the penalty provision of a 10 year minimum mandatory that he believed the controlled substance to be imported was marijuana and not heroin.

(ECF No. 106, Declaration of Counsel).

Trial counsel correctly advised Defendant that his sentence hinged on the actual drug he imported and that his belief as to what he was importing was irrelevant. As the Ninth Circuit noted in its decision on Defendant's direct appeal (ECF No. 105), Defendant's argument that the Court erred in imposing a 120-month mandatory minimum sentence because Defendant believed he was importing marijuana, not heroin, is foreclosed by United States v. Carranza, 289 F.3d 634 (9th Cir. 2002). In Caranza, the Ninth Circuit held that a defendant charged with importing or possessing a drug is not required to know the type and amount of drug. Id. at 644. All that is required for conviction is that the defendant "believe[] he has *some* controlled substance in his possession," regardless of his belief about the nature of the substance. Id. (internal quotations omitted).

Defendant alludes to an intent to pursue a claim under United States v. Hunt, 656 F.3d 906 (9th Cir. 2011), but that case is not controlling here. In Hunt, the Ninth

3

Circuit found that the district court had erred by sentencing the defendant for attempted possession with intent to distribute cocaine where the defendant never admitted that he attempted to possess cocaine. Id. at 912-13. The key distinction here is that the defendant in Hunt had pled guilty to *attempted* possession. As the Ninth Circuit pointed out in Hunt, knowing possession of a controlled substance is an element of the completed offense, but "attempted possession requires *proof of intent*, not knowledge." Id. at 912 (emphasis original). In other words, a defendant pleading guilty to attempted possession of a controlled substance must have intended to possess the specific type of substance, whereas the Court of Appeals in this very case held that the defendant only needed to knowingly conspire to import *some* type of controlled substance. See also United States v. Salazar, 5 F.3d 445, 446 (9th Cir. 1993) (holding defendant was "responsible for the drugs that came through, even if he did not know what drugs they were"). Thus, while Defendant suggests that the intent to import heroin should be an element of his conspiracy charge similar to the intent requirement in Hunt for an attempt charge, the Court of Appeals in this case appears to have rejected that argument.

        Accordingly, the Court finds that trial counsel's advice to Defendant was legally correct. Moreover, based on this advice, the Court finds that trial counsel understood that Defendant would be sentenced for conspiring to import a controlled substance that was heroin, not marijuana, and thus he did not advise Defendant to enter a guilty plea while misapprehending the implications of that plea. The Court concludes that trial counsel's performance was not deficient.

        Furthermore, even if counsel's advice was misunderstood by Defendant, the Court ensured during the guilty plea proceeding before sentencing that Defendant was aware of the ten-year-mandatory-minimum he faced if he entered a guilty plea.

> Court: You understand that if you plead guilty to Count 1 you could be sentenced up to life in prison?

>Defendant: Yes, your Honor.
>
>Court: And the court would have to impose a mandatory minimum sentence of at least 120 months, that is, ten years in jail, unless in your case you provided substantial assistance to the government . . . . So unless that one exception applies, I have to impose, no matter what, a sentence of at least ten years in jail. Do you understand that?
>
>Defendant: Yes.

(ECF No. 86, Sentencing Transcript 20:17 - 21:6.)

>Court: The only way I could impose anything less than ten years in jail is if you cooperate with the government . . . . If that doesn't happen, there is no judge in the United States, federal judge, who could give you less than ten years in jail . . . . Do you understand that?
>
>Defendant: Yes, your Honor.

(Id. at 27:18 - 28:4.)

Notwithstanding the Defendant's understanding, he still decided to plead guilty. (Id. at 36:14-16, 46:4-8).

In summary, the Court finds that defendant received correct advice under the present law from his attorney regarding his sentence exposure and that defense counsel's performance was not deficient, and further the Court finds that even if Defendant misunderstood his attorney's advice, there could be no prejudice as a result because of the Court's statements during the entry of his plea at the sentencing hearing.

//

//

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion under 28 U.S.C. § 2255. The Court GRANTS a Certificate of Appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: August 6, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court